# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **GARRY MICHEL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 5:14-14443 |
| ) | |
| **PREETINDER BHARARA,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## **PROPOSED FINDINGS AND RECOMMENDATION**

On April 11, 2014 and May 1, 2014, Plaintiff, acting *pro se* and in confinement at FPC Beckley, filed his Application to Proceed Without Prepayment of Fees and Complaint in this matter claiming entitlement to relief for alleged violations of his constitutional rights pursuant to Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1] (Document Nos. 1 and 5.) By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) By Order entered on January 6, 2016, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

1

## FACTUAL AND PROCEDURAL HISTORY

A.     **Criminal Action No. 7:09-00815:**

On January 27, 2010, Plaintiff pled guilty in the United States District Court for the Southern District of New York to one count of conspiracy to distribute and possess with intent to distribute a detectable amount of ketamine in violation of 21 U.S.C. §§ 812, 841(a), 841(b)(1)(D), and 846 (Count 1); one count of money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(ii) and 2 (Count 2); and one count of being a felon in possession of ammunition in violation of 18 U.S.C. § 992(g)(1) (Count 3). United States v. Michel, Case No. 7:09-cr-00815 (S.D.N.Y. Sept. 16, 2011). On January 11, 2011, the District Court sentenced Plaintiff to imprisonment for "78 months concurrent for all counts," to be followed by a four-year term of supervised release. Id., Document No. 43. The District Court heard discussions concerning forfeiture, but deferred that decision in order to allow counsel for both sides additional time to discuss the matter further. On March 27, 2011, Plaintiff signed a "Consent Preliminary Order of Forfeiture" regarding the following: (1) Consenting to the forfeiture of all his rights, title, and interest to any money judgment in the amount of $1,093,630 in United States currency concerning proceeds obtained as a result of the offenses charged in the Indictment; (2) Consenting to the administrative forfeiture of a 2006 Mercury Mountaineer valued at $14,700.00 and $341,500 in United States currency; (3) Consenting to a money judgment in the amount of $737,380 being entered against him; and (4) Agreeing that the "Consent Preliminary Order of Forfeiture" be deemed part of his sentence and included in the judgment of conviction. Id., Document No. 44. The District Court entered Plaintiff's Judgment Order on September 16, 2011, which included the "Consent Preliminary Order of Forfeiture." Id., Document No. 43.

Plaintiff filed his Notice of Appeal on September 22, 2011. Id., Document No. 45. In his appeal, Plaintiff requested that his sentence be vacated and remanded to the District Court for re-sentencing in light of United States v. Potes-Castillo, 638 F.3d 106 (2nd Cir. 2011). On July 13, 2012, the Second Court remanded the case back to the district court for consideration of whether Plaintiff's sentence should be altered in light of Potes-Castillo. Id., Document No. 61. On October 9, 2012, the District Court imposed the same sentence as previously imposed upon Plaintiff. Id., Document No. 64. Plaintiff filed his Notice of Appeal on February 1, 2013. Id., Document No. 65. Plaintiff subsequently filed a motion to withdraw his appeal, which was granted by the Second Circuit on April 15, 2013. Id., Document No. 66.

**B.**     **Section 2255 Motion:**

On June 14, 2013, Plaintiff, acting *pro se*, filed in the Southern District of New York a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 67. In his Motion, Plaintiff asserted ineffective assistance of counsel based upon the following: (1) Counsels' failure to contest the offense conduct that resulted in the Base Offense Level; (2) Counsels' failure to raise his pre-sentence confinement issues as grounds for a below-Guidelines sentence; (3) Counsels' recommendation that Plaintiff sign the forfeiture order; and (4) Counsels' failure to move for suppression of the fruits of a GPS tracking device that law enforcement placed on Plaintiff's vehicle in 2008 without a warrant. Id. By Order entered on July 17, 2013, the District Court ordered the United States to file a response. Id., Document No. 68. On November 20, 2013, the United States filed its Response in Opposition. Id., Document No. 73. Plaintiff filed his Reply on January 30, 2014. Id., Document No. 76. By Memorandum Opinion and Order entered on September 29, 2016, the District Court denied Plaintiff's Section 2255 Motion on the merits. Id.,

Document No. 83; Michel v. United States, 2016 WL 5478473 (S.D.N.Y. Sept. 29, 2016). Plaintiff filed his Notice of Appeal on October 12, 2016. Id., Document No. 84.

**C.     Plaintiff's present filings.**

On April 11, 2014, Plaintiff, acting *pro se*, filed his Complaint in this matter claiming entitlement to relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (Document No. 1.) Plaintiff names the following as Defendants: (1) Preetinder Bharara, United States Attorney; (2) Benjamin Allee, Assistant United States Attorney; (3) Andrew Rubin, Attorney; and (4) Thomas Kenniff, Attorney. (Id., p. 2.) Plaintiff claims that Defendants violated his constitutional rights during his criminal proceedings involving Criminal Action No. 7:09-00815. (Id., pp. 2 - 4.) Specifically, Plaintiff alleges that Defendants violated his "Fifth Amendment right to due process, his Sixth Amendment right to effective assistance of counsel, and his Eighth Amendment right to equal protection." (Id., p. 3.) Plaintiff explains that he retained Attorneys Rubin and Kenniff to represent him the criminal proceedings. (Id., pp. 2 - 3.) Plaintiff, however, complains that Attorneys Rubin and Kenniff allowed the United States Attorney to subject Plaintiff to "duress" so that Plaintiff would sign the Forfeiture Order. (Id., p. 3.) Specifically, Plaintiff explains that "after having been told by his attorneys that the U.S. Attorney's Office would 'make up' a case against his wife and take his house, thereby making his children homeless and wards of the State if he (Plaintiff) did not sign a proposed Forfeiture Order, under duress, thereby relinquishing his claim to assets whose value was in excess of ($340,000) Three Hundred Forty Thousand dollars." (Id.) Plaintiff alleges that "after the development of considerable hostility between Plaintiff and his counsel, Mr. Rubin and Mr. Kenniff, specifically as it related to coercive, extortive tactics used to force the plaintiff to

4

surrender his assets, the Court relieved counsel of their duty to represent the Plaintiff." (Id.) As relief, Plaintiff requests that the Court declare Defendants' actions to be a "criminal conspiracy" and award Plaintiff compensatory and punitive damages.

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## DISCUSSION

**1.     Lack of Personal Jurisdiction:**

Plaintiff asserts claims against Defendants Bharara, Allee, Rubin, and Kenniff, who are not residents of the State of West Virginia. Two conditions must be satisfied for a district court to

assert personal jurisdiction over a non-resident defendant: (1) A state long-arm jurisdiction statute must authorize jurisdiction over the non-resident defendant; or (2) The court's exercise of personal jurisdiction over the non-resident defendant must "comport with the Due Process Clause." Mylan Lab, Inc. v. Akzo, N.V., 2 F.3d 56, 59-60 (4th Cir. 1993); In re Celotex Corp., 124 F.3d 619, 627 (4th Cir. 1997). Since "the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary in this case to go through the normal two-step formula for determining the existence of personal jurisdiction." In re Celotex Corp., 124 F.3d at 627-28(citation omitted); also see York v. Property and Casualty Ins. Co. of Hartford, 2013 WL 5504435 (S.D.W.Va. Oct. 3, 2013)("the statutory inquiry mergers with the constitutional inquiry, and the two inquires essentially become one.) Therefore, the court's inquiry centers on whether the exercise of personal jurisdiction over the non-resident defendant is consistent with the Due Process Clause.

It is well established that the exercise of personal jurisdiction over the non-resident defendant is consistent with the Due Process Clause "if the defendant has sufficient 'minimum contacts' with the forum such that requiring the defendant to defend its interests in the forum does not 'offend traditional notions of fair play and substantial justice.'" In re Celotex Corp., 124 F.3d at 628(quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). When assessing the "minimum contacts," courts should consider whether the defendant's contacts with the forum also provides the basis for the suit. Carefirst, 334 F.3d at 397. If the defendant's contact with the forum state provides the basis for the suit, courts may exercise what is known as "specific jurisdiction." Id. To determine whether specific jurisdiction exists, the Court should consider the following: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims

arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" Id. If the defendant's contact with the forum state does not provide the basis for the suit, a court may only exercise "general jurisdiction." Id. General jurisdiction is appropriate only where the defendant's contacts with the forum are "continuous and systematic." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

Plaintiff alleges that Defendants Bharara and Allee[2] are employed by the United States Attorneys' Office in New York and Defendants Rubin and Kenniff[3] are attorneys in New York. All of the allegations against Defendants occurred in New York. Plaintiff fails to allege any type

---

[2] The undersigned notes that prosecutors have absolute immunity for activities performed as "an officer of the court" if the conduct at issue is closely associate with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341 - 343, 129 S.Ct. 855, 860 - 862, 172 L.Ed.2d 706 (2009); *Burns v. Reed*, 500 U.S. 478, 486, 111 S.Ct. 1934, 1939, 114 L.Ed.2d 547 (1991)(*quoting Imbler*, 424 U.S. at 430 - 431, 96 S.Ct. at 995)(Prosecutors are absolutely immune "for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'")

[3] *Bivens* recognizes a private cause of action to recover damages against federal actors for constitutional violations, similar to the cause of action against state actors provided by 42 U.S.C. § 1983. In the instant case, the undersigned finds that Plaintiff cannot establish that Attorneys Rubin and Kenneiff were federal actors. *See Murphy v. Bloom*, 443 Fed.Appx. 668, 670 (3rd Cir. 2011)(finding that plaintiff had no *Bivens* action against retained defense counsel or court appointed defense counsel because they did not act under color of federal law for purposes of *Bivens*); *also see Vermont v. Brillon*, 556 U.S. 81, 129 S.Ct. 1283, 1291, 173 L.Ed.2d 231 (2009)("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."); *Polk County v. Dodson*, 454 U.S. 312, 3325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981)("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(state-appointed counsel is not acting under color of state law), *cert denied*, 454 U.S. 1141, 102 S.Ct. 99, 71 L.Ed.2d 293 (1982); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under § 1983.").

of contact between the State of West Virginia and Defendants. Accordingly, Plaintiff's claims against Defendants should be dismissed because this Court lacks personal jurisdiction.

**2.    Claim Precluded by Heck:**

Notwithstanding the foregoing, the undersigned will briefly address Plaintiff's claim. Plaintiff alleges that his constitutional rights were violated during the course of his criminal prosecution in the Southern District of New York in Criminal Action No. 7:09-00815. (Document No. 1.) Plaintiff essentially contends that he was improperly coerced by Defendants into signing the "Consent Preliminary Order of Forfeiture" as part of his sentencing. Plaintiff appears to argue that he should not have been required to forfeit his assets as part of his sentencing. Given the nature of Plaintiff's allegations, it appears that Plaintiff is implying the invalidity of his sentence. Consequently, the undersigned finds that Plaintiff has failed to state a cognizable claim under Bivens pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). See Messer v. Kelly, 129 F.3d 1259 (4th Cir. 1997)(stating that the rationale in *Heck* applies in *Bivens* actions). In Heck, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.

Id. at 486-87, 114 S.Ct. 2372. See also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(holding that an arrestee's Section 1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under *Heck,* since judgment in arrestee's favor would have

implied the invalidity of conviction). Plaintiff appealed his sentence in Criminal Action No. 7:09-00815 to the Second Circuit Court of Appeals, and the Second Circuit remanded the case back to the district court for consideration as to whether Plaintiff's sentence should be altered in light of Potes-Castillo. Following re-sentencing, Plaintiff again filed an appeal with the Second Circuit. Plaintiff, however, withdrew his appeal. Plaintiff has filed a Section 2255 Motion challenging the validity of his conviction and sentence. Plaintiff's Section 2255 Motion, however, has recently been denied by the Southern District of New York.[4] Michel v. United States, 2016 WL 5478473 (S.D.N.Y. Sep. 29, 2016). The undersigned, therefore, finds that because Plaintiff has not demonstrated that his criminal conviction or sentence has been invalidated, Plaintiff's Bivens claim is not cognizable pursuant to Heck. Accordingly, the undersigned respectfully recommends that Plaintiff's Complaint be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's Applications to Proceed Without Prepayment of Fees

---

[4] The Southern District of New York specifically considered and rejected Plaintiff's claim of ineffective assistance of counsel regarding the forfeiture order. *See Michel*, 2016 WL 5478473, at * 8 - 9. In his Section 2255 Motion, Plaintiff claimed that his attorneys were ineffective in recommending that Plaintiff sign the forfeiture order requiring Plaintiff to forfeit $1,093,630 in United States currency and his personal vehicle. *Id.* Specifically, Plaintiff argued counsel incorrectly advised him "that the government would not be required to demonstrate a nexus between the forfeited currency and property and that his conviction alone would suffice to sustain the forfeiture." *Id.* at * 8. The Southern District of New York thoroughly considered and rejected Plaintiff's claims.

(Document No. 5), **DISMISS** Plaintiff's Complaint (Document No. 1), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: February 28, 2017.

_____
Omar J. Aboulhosn
United States Magistrate Judge